# WILLIAM R. RAYBOURN

*v.*

## ELIZABETH J. RAMSDELL.

1. LEASE—*mere breach of contract of, does not work such forfeiture as to render tenant liable to pay for use and occupation.* Where land is leased to a tenant for a term of years, in consideration of specified improvements to be made by him, a failure on his part to make such improvements will not, of itself, work a forfeiture of the lease, and convert him into a tenant liable to pay for the use and occupation.

2. Until steps are taken to terminate such a lease, the lessee will be held to occupy under the lease, and his liability measured thereby.

3. SAME—*measure of damages.* Where land is leased to a tenant for a definite term, in consideration of improvements to be made and completed during such term, and he fails to make and complete such improvements, the lessor can only recover what it would cost to make such improvements, and the difference of the rental value of the land until such improvements could be made, after the expiration of said term.

4. In such case it is error to admit evidence to prove the difference in the rental value of the land as it was and as it would have been if the improvements had been made, for the purpose of charging the tenant with that difference, whilst he held under the lease.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. PORTER & MOSHER, for the appellant.

Mr. J. W. DAVIDSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The record shows that Elizabeth J. Ramsdell brought an action of assumpsit, in the Warren circuit court, against Wm. R. Raybourn, on a lease for the rent of a quarter section of land, for the term of seven years, and expiring on the last day of February, 1873. The declaration contained a special count, assigning breaches of the contract, and common counts for use and occupation of the same land, and for money had and received and money due on account stated. Defendant pleaded the general issue. A trial was had by the court and a jury at the January term, 1875, resulting in a verdict in favor of the plaintiff for $1259.17, on which the court rendered a judgment, after overruling a motion for a new trial, and the defendant appeals to this court.

The contract of leasing provided, that appellant should break the quarter section of land, and seed with timothy and clover the low, wet ground not suitable for cultivation, grow an osage orange hedge around the entire quarter, and have it made by the expiration of the lease, which was to run for seven years, a sufficient fence to turn stock, and where hedge would not grow to advantage, on account of the ground being wet, he was to have a new fence made, of burr or white oak posts and pine boards, five boards high, to be done in a workmanlike manner; and also a good and sufficient gate, five planks high, on the east line, near the north-east corner. It is claimed that appellant failed to make the hedge, and that he did not leave such a fence and gate on the farm as he had agreed and contracted he would.

By this lease appellant was to pay rent by the improvements he therein agreed to make, and having failed to perform his contract he is liable to pay all the immediate and direct damages that flow from the breach. Then, what are these damages? First, all that it would reasonably cost to construct such a fence and hedge as appellant agreed to leave on the farm; next, the difference in the value of the use of the

land, or in its rental value, until such a hedge could be grown on the ground suitable for such purpose, and the construction of the fence where a hedge could not be properly grown ; the difference in the rents between the land as he left it until a fence could be placed there, and its rental value after the fence should be made, and after the construction of the fence the difference until the hedge could be grown ; and in addition thereto, the reasonable cost of planting and cultivating a hedge until it should answer the purposes of its construction, and the price of building such a fence and gate as is required by the agreement, on such portions of the land as are specified by the lease.

Appellee had the right to recover the fair and reasonable price for breaking any portion of the land that could have been but was not broken, and what would be a reasonable rent therefor until it could be broken; also the cost of seeding any portion which the contract required to be seeded and was not, with a reasonable rent therefor until it could be seeded in grass. But we perceive no other elements for a recovery.

Appellant entered and occupied under the lease, and was, for the rent, required to make the improvements he had agreed, and, failing to do so, appellee could only exact the damage sustained thereby. A mere breach of the contract did not, of itself, work a forfeiture, and convert the tenant into a tenant liable to pay for use and occupation. Until steps should be taken to terminate such a lease, the lessee must be held to occupy under the lease. No such steps were taken in this case. The court below therefore erred in receiving evidence to prove the difference in the rental value of the farm as it was and as it would have been had the improvements been made, for the purpose of charging appellant with that difference whilst he held under the lease. And the court further erred in refusing to exclude that evidence on the motion of appellant—and this was such an error as may have worked material injury to appellant. The evidence is not so clear

and satisfactory that we can say the finding would have been for the same amount, and no less, had the evidence been excluded.

The judgment will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Judgment reversed.*